and the free speech that is involved, which is what I'm basically claiming, to be able to appear with the Patent Office and before a jury or a panel of judges in the public interest, not my interest. I make a living by appearing in interviews, but I'm there to help the public, not me, precisely. So what is your view that any restriction placed on practicing before the Patent Office would be a violation of the First Amendment? Well, let's put it into perspective, because I may, if I may approach the bench with this document and one for the public. There seems to be a cloud or confusion, not on my part, but on the part of the Patent Office. I have been recognized to practice before this court and the Patent Office and have been, not the court, but the Patent Office since I graduated from law school, which was more than 50 years ago. So I've been practicing as a learned counsel for... ceased to use the rights you've been given under this document, isn't that correct? No, sir. That is an issue of fact which a jury can address, because it's very, very much in dispute. Well, you received a notification from the Patent Office in 1996. Exactly. And is it disputed that you didn't respond for seven years or nine years or whatever to that? Well, I did respond, but I wanted to clarify what you apparently said or mean, and that is the rub, because in February, I sent a letter to the Patent Office throwing down the gauntlet for them to respond. It's not the other way around. It's that they responded to me, and my gauntlet said that I am a member of the Patent Bar, have been for 50 years, or not at that time, but now, and I need to change my name. That's a requirement of the Patent Office. My name and address have to be known to the Patent Office so they can write to me, so that the examiner can call me up. I'm in communication constantly with the Patent Office in service to the public, because I go in, just like the two cases that were here before me, and I argue to the examiner as an expert, more so than an attorney, because he needs help in understanding this invention, and I provide that help. I also provide clients with a contact in Washington where they don't have to come here, either to argue or to file a provisional case. The Patent Office doesn't have any authority to tell me I can't do that. Did you file anything with the Patent Office between 1996 and 2005? I sent a long letter, more than one, but one in particular, which told the Patent Office how many things I had been doing, was doing. No, I'm talking about between 1996 and 2005. I'm saying the same. I'm saying the same. I have been active. The long letter was January 26, 2005, right? I did say it in that letter. Between 1996 and 2005, did you file anything? Did you have any clients that wanted to file anything before the PTO? Did you have any interaction with the PTO? Okay, now there's two points of interest there. One is that I did, and the other thing is, am I subject to a summary judgment, a summary dismissal, not in Article 3, but in Article 2, Section 2, unauthorized low-level patent office attorney who looks at my letter and says that you have agreed that you are subject to a summary review and by a non-expert. The man who wrote in my response to my letter, Mr. Griffin, the attorney there, found that I was, in his letter, he said that I was qualified. But the argument that I use is, even if he said I wasn't, he's not authorized as a judge to determine that I am or I am not active or inactive or insufficiently active. In Atheridge, one of the famous... I'm getting a little confused here. It seems like we're mixing up two things. There seem to be two issues. One is that they took your name off the register, and the second is that they refused to put you on because you didn't satisfy certain qualifications. Which of those are you disputing or challenging here? But I dispute in every particular of those facts because they did not take my name from the register, could not do so because it was illegal. They made a mistake, obviously, and they switched, and now they sandbag me because they've completely left that argument aside, waived it. Well, they said in their letter of 2006, of 1996, I'm sorry, March 1996, we are treating your statement as a request to have your name removed from the register. I think one of the things that maybe Judge O'Malley was getting to in her question was, after your receipt of this March 4, 1996 letter, did you go back to the Patent Office and say, no, don't take me off, that's not what I wanted to do? My point was being very simple, that they were responding to me, I'm not responding to them. So, you never responded and said, no, this isn't what I meant, you shouldn't treat my statement as a request to have my name removed? No, I was perfectly happy to have them remove my abandoned name, which is the sensible way to interpret that letter, and put my new name on the register, which is what they did. The letter they sent to me on March 4 said that my name had been added to the register of active attorneys, and now they say I'm inactive. Why did you change your name? Well, the story is important. I'm a, I'm a Maryland attorney. I had a difficult domestic situation, similar to the one that Samuels had in a case in Maryland after, before mine. He was placed on the inactive list in Maryland because of a disability. I was placed on an inactive role in Maryland voluntarily because someone else in my family had a disability. I needed to attend to that particular difficulty, and it was not a sanction. It was not a discipline. It, there was no requirement for showing a fitness for reinstatement. It was simply a voluntary action, and in every, almost every, well, in Maryland and in the District of Columbia, where I am also a member of the bar, inactive status is permitted, even when there is a disciplinary investigation, which that letter of March 4 said was in abeyance. So, they really gave me a ticket to retain my license, as is, without a response, because that happens to be an administrative status of membership. It doesn't change your membership. It doesn't change your status. It retains what you already have and continue to have. It just simply says that this investigation is in abeyance, and it's still in abeyance. They haven't mentioned to me that it's out of abeyance. They claim sort of orally that it's not in effect, and it's, and Judge Lurie, in the case, the hearing that Judge Rader was there, he asked the question, what about the statute of limitations, and my opponent here said, yes, that does bar anything that they're going to do with that investigation. So, in other words, what they did was they originally said that I was removed, and I wasn't. That would have been illegal. So, to sandbag me, they switched their voice and now said I'm inactive. Well, they can't require that I become active. There's nothing in the law that says I must be active, and I just filed four cases in the Patent Office. Mr. Cornish, would you like to save some of your rebuttal time? Yeah, five, please. Well, you have three remaining now. Yeah, three would be fine. Okay, thank you. We'll hear from Mr. Jakes. Jakes, thank you. May it please the Court. This case, in its essence, simply concerns the Patent Trademark Office's responsibility to protect the public from unqualified practitioners, as well as the PTO proceedings themselves. This case focuses on the March 22, 2005 decision denying Mr. Cornish's request for reinstatement, denying it without prejudice. In essence, that determination was made upon the record after drawing plausible inferences that Mr. Cornish simply did not submit sufficient specific and objective evidence to support his reinstatement request. And by reinstatement request, I specifically mean the legal qualifications that he is required to establish to show that he is able to render valuable patent legal services to patent applicants. Now, Mr. Cornish references his First Amendment rights, and I think the judge did an excellent job in this case simply saying the fact that he is an active member of the Patent and Trademark Bar does not prohibit him from speaking out on any topic of his choosing. Regarding his issue with the 1996 removal from the active register, very simply, that has really never been in dispute in this case, not even part of his underlying complaint. The real story here is what happened in 2005. And that story involves what, a challenge to the requirements you're imposing or a challenge to your application of the regulatory requirements? Quite frankly, it's not even the challenge, Your Honor. He simply requested reinstatement, and upon requesting reinstatement, we reviewed his submission, and the submission was found to be deficient but without prejudice. There was an invitation to supplement the record or to establish his legal qualifications by endeavoring to pass the patent bar examination. The judge in looking at the reinstatement issue clearly stated on summary judgment that Mr. Cornish failed to establish any facts that show the agency's decision in March 2005 was an abuse of discretion. So, ruling, there was, there's no error in that. We would ask the court to affirm that part of the district court's opinion as well as the remaining miscellaneous issues that were raised in the complaint. If the court has no further questions. Thank you, Mr. Jakes. Thank you. Mr. Cornish, you have a little less than three minutes. All right, sir. Thank you. I think the rub has been raised again, which again, I appreciate the fact to have an oral argument to compel them to listen to my argument, not just in writing, but I'm not inactive. I have never been active. They cannot order me to be active. That's kind of absurd because if I'm ordered to be active, does that mean I have to file one case every day or one case every week? That's why I cited Atheridge because the court there realized that they're in a very, very vulnerable position to say that I'm inactive without a trial, but that's what they've done. They've said out of the blue, without hearing me, without letting me appear, they just said it's impossible for you to be active and so we're going to say you're inactive. Not true. I have been active. I said I was active. Active in this sense, Mr. Cornish means capable of performing the services and qualified. They removed that qualification through the determination that you were not performing the services anymore. But they forgot to tell me that they did that. Well, they told you several times according to the record. The record does not say that I was removed. It does not say that. It's not even a close call. It said that you were not permitted to perform any services until you re-established your active status, meaning you were not qualified until you were active again. Well, if you're in an administrative inactivity... So you have to re-establish your qualifications and you have not done that. Well, what I did do was tell them that I am active and that re-established... No, you have to re-establish your qualifications. You have to either prove to them that you are qualified or take the test again, which you failed three times. Well, I'm a journeyman and journeymen are not required to take the test to show that they are active. They are required to take the test to prove... The requirement of the law is that once you go inactive, you have to re-establish your qualifications to once again practice. I would hope that you could be I don't think it's in the law. I think that that's not absurd that you've said it because you're asking me questions, but I think that's an absurd... No, I'm telling you that you have to re-establish your qualification. Well, I know that you and I differ on that, obviously, because I was here before and you were asking me what's the harm that's been done. The harm that's been done is my license has been removed without any opportunity to say to any living human being that that's wrong, that I'm active, that I have been active, and that I will remain active until I am compelled not to. I'm still practicing every day. The general counsel of the patent office said, oh, be my guest. We have never ever said that you cannot practice actively. That's what he said on the next to the last page of the 331 gag order, basically a gag order, without ever giving me a chance to say I'm active, I have been active, and they never said you're inactive. Do you have a final thought for us, Mr. Cornish? Well, yes, I do. It seems like the patent office has sandbagged me for reasons which they have not made clear to me and which I certainly object to, and my final thought is not that I'm trying to avoid being a good attorney because Mr. Cornish, I'm continuing to practice openly, actively with the approval of the patent office. Thank you, Mr. Cornish. I appreciate the comments that I hope the court will make in this connection. Thank you, Mr. Cornish. The next argument is United States Steel Corporation versus the United States.